Frank A. Gulotta, J.
This is a special proceeding by the Nassau County co-chairmen of an organization known as “ Democrats for McCarthy ” to compel the Nassau County Commissioners of Elections to furnish them with printed enrollment lists of all Democratic voters in every election district of the county, without charge or at cost.
S.ection 377 of the Election Law provides, amongst other things, for the distribution of such lists without charge to the County Chairman of each political party and for the sale of surplus copies to others at the cost of publication. To the same effect see subdivision 5 of section 376, relating to lists of registered voters, but in point of fact there is but one set of books; they are the registration books which also show the enrollment of each voter.
A political party is defined by subdivision 4 of section 2 of the Election Law as an organization which in the last preceding gubernatorial election polled at least 50,000 votes for Governor. Concededly, petitioners do not represent such a group.
Respondents have no objection to permitting petitioners, or their representatives to examine all the enrollment books at the *1042 premises of the Board of Elections, to letting them make copies thereof, or to selling them the desired books at cost, which respondents claim to be $1.25 per book. This comes to about $1,200 for the 903 election districts in the county.
So far as the “ no charge ” aspect of the case is concerned, it cannot be said that there is no rational basis for the test adopted by the statute, and that is the measure of its constitutionality (Grossman v. Baumgartner, 17 N Y 2d 345). Certainly there has to be some cutoff point. The financial burden on the county would be intolerable if there were no limit on who could demand books free of charge. One can think of other tests which might have been adopted which would give more recognition to new groups with no prior political record, but that is for the Legislature. As it is, organizations similarly situated are all treated alike and that satisfies a second constitutional requirement for “ equal protection of the laws ” as well. (Myer v. Myer, 271 App. Div. 465.)
Petitioners dispute the alleged cost price of $1.25 and they are entitled to a hearing on that (Matter of Holwell v. Meisser, 28 A D 2d 1003).
Accordingly, the application is denied insofar as it demands enrollment books without charge, and is referred to Special Term, Part II, for a hearing to determine the cost of publication per book.